UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTS BROADCASTING COMPANY et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-CV-00574-AGF |
| DANNA MCKITRICK, PC., and A. THOMAS DEWOSKIN, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This legal malpractice action is before the Court on Plaintiffs' motion (Doc. No. 10) to remand the case to state court. The case was filed in Missouri state court on March 28, 2016, and removed by Defendants to this Court on April 25, 2016, on the basis of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). This section grants the district courts, except under certain circumstances not relevant here, "original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." It is undisputed that there is no diversity between the parties. For the reasons set forth below, this action shall be referred to the bankruptcy court for this District.

## BACKGROUND

The record establishes the following. Sometime in August 2011, Plaintiffs retained Defendant A. Thomas DeWoskin and his employer, Defendant Danna

McKitrick, P.C., to represent them in a jointly administered Chapter 11 bankruptcy case.[1]
Plaintiffs filed for Chapter 11 bankruptcy on October 7, 2011, in the United States Bankruptcy Court for the Eastern District of Missouri. The bankruptcy case closed on June 30, 2014. On March 28, 2016, Plaintiffs filed the present suit in state court alleging that Defendants were negligent in their legal representation of Plaintiffs during the bankruptcy case and that Plaintiffs suffered damages as a result. The alleged misconduct includes failing to prepare and file a reorganization plan with the court, and failing to dismiss a valueless entity from the Chapter 11 proceedings. (Doc. No. 7 at 3.)

Defendants' notice of removal asserts that all of Plaintiffs' state law claims "arise in" a case under title 11, and thus this Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b). Defendants also assert that federal courts "routinely" hold that professional malpractice claims concerning representation in bankruptcy proceedings "arise in" a case under title 11 for purposes of federal subject matter jurisdiction because the claims would have no practical existence but for the bankruptcy.

## **ARGUMENTS OF THE PARTIES**

Plaintiffs move to remand this case to state court arguing that the legal malpractice claim does not meet the jurisdictional bases described in § 1334(b), and that the Court has no other basis for subject matter jurisdiction.[2] Plaintiffs contend that their malpractice

---

[1] *In re Roberts Broadcasting Co.*, Case No. 4:11-BK-50744-399 (Bankr. E.D. Mo. 2014).

[2] Plaintiffs make additional arguments regarding the other jurisdictional bases described in § 1334(b). However, because Defendants did not assert any of these other

2

claim does not "arise in" a case under title 11 because only administrative matters that would have no existence outside of bankruptcy "arise in" a case under title 11, and legal malpractice is not such an administrative matter. Plaintiffs alternatively argue that even if the Court were to find it has subject matter jurisdiction under §1334(b), it should abstain, under § 1334(c),[3] from exercising jurisdiction, because the malpractice claim has only a limited connection with the bankruptcy case, state law issues dominate, and nothing in the record suggests that the matter could not be timely litigated in state court.

In response to Plaintiffs' motion to remand, Defendants reiterate their contention that a malpractice claim against legal counsel for work done on a bankruptcy case "arises in" a case under title 11 because the claim would have no practical existence but for the bankruptcy case. Defendants also contest Plaintiffs' argument that the Court should abstain. They note that the mandatory abstention described in 28 U.S.C. § 1334(c)(2)

---

bases in their removal notice, nor in opposition to the motion to remand, the Court will not address Plaintiffs' other arguments.

[3] Section 1334(c) provides:

 (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

 (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

3

does not apply to a matter that "arises in" a case under title 11. Defendants acknowledge that the Court may abstain under § 1334(c)(1), however, they argue, a number of factors weigh against abstention. In particular, Defendants argue that there are no strong interests of comity, and furthermore that Plaintiffs are likely forum shopping. In addition, Defendants argue that Plaintiffs had an opportunity to fully and fairly litigate the standard of care they received from their attorney during the fee approval stage of the bankruptcy case. Defendants posit that allowing Plaintiffs to revisit the issue now would undermine orders already issued by the bankruptcy court and create res judicata or collateral estoppel problems.

In reply, Plaintiffs reiterate that Defendants offer no controlling Eighth Circuit authority to support the argument that legal malpractice claims like the present one "arise in" a case under title 11 for the purposes of subject matter jurisdiction. Plaintiffs also reiterate that even if this Court were to find it has subject matter jurisdiction, abstention is appropriate. Plaintiffs point out that res judicata and collateral estoppel are affirmative defenses, and argue that such defenses are not relevant to jurisdictional issues. Plaintiffs challenge Defendants' argument that the malpractice claim could have been addressed during the bankruptcy case. They argue that because Defendants were counsel of record during the bankruptcy proceedings, a complaint at that time would have created a conflict of interest by placing the attorney and client in an adversarial position.

## **DISCUSSION**

An action originally filed in state court may be removed to federal court where the federal district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). If it

4

appears that the case was not properly removed because it was not within the original subject matter jurisdiction of the court, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). As the party seeking removal and opposing remand, Defendants have the burden of establishing federal subject matter jurisdiction. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

Defendants support their argument that Plaintiffs' legal malpractice claim "arises in" a case under title 11 with several cases, particularly *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003). In *Grausz*, the Fourth Circuit considered whether the district court had subject matter jurisdiction under § 1334(b) over a removed professional malpractice action filed by a Chapter 11 debtor against the law firm that represented him in his bankruptcy case. The malpractice action was filed almost four months after the bankruptcy court entered its order denying the debtor a discharge. The Fourth Circuit found that a "broad interpretation of 'arising in' jurisdiction surely means that jurisdiction exists over a malpractice claim against a lawyer for providing negligent advice to a debtor in a bankruptcy case." *Id*. The Fourth Circuit held that because the malpractice claim "would have no practical existence but for the bankruptcy" case, the district court had subject matter jurisdiction under § 1334(b). *Id*.

This conclusion is in accord that of other courts. *See Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 489 (D.C. Cir. 2009) (holding that malpractice claim, removed to federal court, stemming from services provided in a bankruptcy case that had closed months earlier, was inseparable from the bankruptcy

5

context and constituted claims arising in the bankruptcy, under § 1334(b); thus, denying the defendant's motion to remand); *Mercer v. Allen*, No. 7:13-CV-148 HL, 2014 WL 185252, at *3 (M.D. Ga. Jan. 15, 2014) (holding that the district court had subject matter jurisdiction over a legal malpractice claim brought against the debtor's former counsel more than a year after the bankruptcy was discharged); *cf. Susman, Schermer, Rimmel & Shifrin, L.L.C. v. Gannon P'ship 19, L.P.*, No. 406-CV-1222 CAS, 2007 WL 1879793, at *2 (E.D. Mo. June 25, 2007) (holding that the district court had "arising in" jurisdiction over a breach of contract action to enforce the payment of attorney's fees awarded by the bankruptcy court in the context of a chapter 11 case, even though the chapter 11 case had been closed when the breach of contract action was filed).

In support of their argument that the present malpractice claim does not "arise in" a case under title 11, Plaintiffs cite a case from the Eighth Circuit involving pre-petition professional malpractice, *National City Bank v. Coopers & Lybrand*, 802 F.2d 990, 991 (8th Cir. 1986). However, the facts of *National City Bank* are distinguishable from the facts here. In *National City Bank*, the alleged accounting malpractice occurred prior to the bankruptcy petition and did not involve any post-petition advice or representation. In contrast, the present claim stems from post-petition advice given by court-approved counsel. Moreover, unlike *National City Bank*, the nature of Defendants' services as counsel was a matter before the bankruptcy court during compensation approval proceedings. *See* 11 U.S.C.A. § 330(a) ("In determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services . . . .").

In sum, the Court will follow the above cited-cases holding that a legal malpractice action against bankruptcy counsel based on services rendered in the context of the bankruptcy case is an action "arising in" a case under title 11.

This Court's Local Rule 9.01(B)(1) states that "[a]ll cases under Title 11 of the United States Code, and all proceedings arising under Title 11 or arising in or related to a case under Title 11, are referred to the bankruptcy judges for this district. . . ." Because the Court finds that this action "arises in" a case under title 11,[4] it shall refrain from ruling on the abstention question and instead refer the case to the bankruptcy court pursuant to the Local Rule 9.01(B)(1). *See Gannon P'ship 19, L.P.*, 2007 WL 1879793, at *3.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand this case to state court due to lack of subject matter jurisdiction is **DENIED**. (Doc. No. 10.)

---

[4] The Bankruptcy Court will also be in the best position to determine issues such as whether the case may have an impact on the prior bankruptcy proceedings and whether the trustee in bankruptcy should be involved.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 9.01(B)(1), this action is referred to the United States Bankruptcy Court for the Eastern District of Missouri for all further proceedings.

                                                                       _____
                                                                       AUDREY G. FLEISSIG
                                                                       UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2016.